**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

MOHAMMED CHUNNU, on behalf of himself
and all others similarly situated,

      Plaintiff,

  -against-

FBCS, INCORPORATED; LVNV FUNDING, LLC;
and RESURGENT CAPITAL SERVICES LP,

      Defendant(s).
_____/

Docket No:

**CLASS ACTION COMPLAINT**

Plaintiff MOHAMMED CHUNNU (hereafter, "Plaintiff"), a New York resident, brings this class action complaint by and through his attorney, Subhan Tariq, Esq., against Defendants FBCS, INCORPORATED; LVNV FUNDING, LLC; and RESURGENT CAPITAL SERVICES LP (hereinafter "Defendants"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's own personal knowledge.

**INTRODUCTION/ PRELIMINARY STATEMENT**

1. Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

1

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692e. After determining that the existing consumer protection laws were inadequate, *id.* § 1692b, Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

5. Plaintiff brings this action on behalf of a class of New York consumers seeking redress for Defendants' actions of using unfair and unconscionable means to collect a debt.

6. Defendants' actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive practices in the effort to collect on debt.

7. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

8. Plaintiff is a natural person and a resident of the State of New York and is a "Consumer" as defined by 15 U.S.C. §1692a(3).

9. Defendants FBCS, Incorporated is a collection agency with its principal place of business located in Hatboro, Pennsylvania. Defendant LVNV Funding, LLC is a collection agency with its principal place of business located in Columbia, South Carolina. Defendant Resurgent Capital Services, LP is a collection agency with its principal place of business located in Columbia, South Carolina.

10. According to its website, LVNV Funding, LLC purchases domestic and international consumer debt owned by credit grantors. (See **Exhibit B**). The management of the assets that LVNV Funding, LLC purchases is outsourced to Resurgent Capital Services, LP, which is a third party which manages consumer debt portfolios for credit grantors and debt buyers. Resurgent will then typically assign collection activities to collection agencies, such as FBCS.

11. Resurgent Capital Services, LP is a third party to which LVNV Funding LLC assigns management of debt portfolios that it buys from original creditors. According to its website, Resurgent Capital Services, LP manages domestic and international debt portfolios for both credit grantors and debt buyers.

12. Upon information and belief, Defendants are companies that use the mail, telephone, and facsimile and regularly engage in business the principal purpose of which is to attempt to collect debts alleged to be due to another.

13. Defendants are regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

14. Defendant FBCS, Incorporated is a "debt collector" as defined by the FDCPA under 15 U.S.C. §1692a(6). Defendant LVLV Funding, LLC also satisfies the definition of "debt collector" under the Act. They are appropriately named as a defendants under New York

City Administrative Code § 20.489, which specifies that the laws which apply against debt collectors also apply against buyers of debt in New York City. Defendant Resurgent Capital Services LP is also a "debt collector" as defined by the statute.

## CLASS ALLEGATIONS

15. Plaintiff brings this claim, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following consumer class (the "Class"). Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York from whom Defendant attempted to collect a consumer debt using the same unlawful form letter herein, from one year before the date of this Complaint to the present.

16. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

   A. Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that are sent to hundreds of persons. (See **Exhibit A**).

   B. There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

   I. Whether Defendants violated various provisions of the FDCPA;

   II. Whether Plaintiff and the Class have been injured by Defendants' conduct;

   III. Whether Plaintiff and the Class have sustained damages and are entitled to restitution because of Defendants' wrongdoing and if so, what the proper measures and appropriate statutory formulas to be applied should be in determining such damages and restitution, and;

   IV. Whether Plaintiff and the Class are entitled to injunctive relief.

C. Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

D. Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

E. Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

F. A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

G. A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.

   I. A 2012 Complaint filed in the Eastern District of Pennsylvania against Defendant LVNV Funding, LLC, attached hereto as **Exhibit C**, speaks to

a pattern of business practices in violation of the FCDPA. There, LVNV Funding, LLC had commenced legal action to collect debt that was also barred by the relevant statute of limitations.

II. On at least two occasions, LVNV Funding, LLC has been involved in legal disputes as a result of its efforts to collect on debt that had been barred by the state's statute of limitations. See *McMahon v. LVNV Funding, LLC*, 774 F.3d 1010 (7th Cir. 2014). See also *Crawford v. LVNV Funding, LLC*, 758 F.3d 1254 (11th Cir. 2014).

III. LVNV Funding, LLC has displayed a pattern of buying debt that is not legally actionable and charging third parties with collecting that debt from consumers. (See **Exhibit C**).

IV. LVNV Funding, LLC has displayed a pattern of being sued for consumer credit violations. (See **Exhibit D**).

V. LVNV Funding, LLC's Better Business Bureau profile, attached hereto as **Exhibit E**, includes over 300 consumer complaints that have been closed within the last three years. A majority of the complaints listed allege issues of billing and collection issues, and many of them claim that the debt buyer has acted illegally in its collection practices.

VI. FBCS, Incorporated also has a number of consumer complaints on its Better Business Bureau page. (See **Exhibit F**). The majority of the complaints involve issues with billing and collection. Many complaints allege that FBCS, Incorporated has taken illegal measures in their actions to collect debt.

6

    VII. Resurgent Capital Services LP, the company to which LVNV Funding, LLC outsources the debt that it buys from original creditors, also has multiple negative reviews on an online forum for consumers. (See **Exhibit G**). One review in particular posted in March 2017 alleges that the company sought to collect debt from a consumer that had been acquired fraudulently.

    VIII. A pattern of FDCPA violations, such as harassing consumers and attempting to collect on debt that is not legally actionable, for LVNV Funding, LLC and Resurgent Capital Services LP, presents itself through a simple internet search, which reveals many consumer law firms providing consumers with information regarding these debt collectors.

    IX. LVNV Funding, LLC has failed to change its unlawful policies despite being subject to multiple legal actions over the past several years.

    X. If Defendants' conduct is allowed to proceed without remedy, they will continue to reap and retain the proceeds of their ill-gotten gains.

H. Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## ALLEGATIONS OF FACT PARTICULAR TO MOHAMMED CHUNNU

17. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "16" herein with the same force and effect as if the same were set forth at length herein.

18. Defendants buy and collect and attempt to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and Internet.

19. Upon information and belief, within the last year Defendant FBCS, Incorporated commenced efforts to collect an alleged consumer "debt" as defined by 15 U.S.C. § 1692a(5), when it mailed a Collection Letter to plaintiff seeking to collect an unpaid balance allegedly owing to LVNV Funding, LLC, the current creditor who acquired the debt from Citibank., the original debtor.

20. On or around April 27, 2018, Defendant FBCS, Incorporated sent Plaintiff a collection letter (hereinafter, the "Letter"). (See **Exhibit A**).

21. The Letter was sent or caused to be sent by Defendant FBCS, Incorporated, on behalf of, LVNV Funding, LLC. Defendant FBCS, Incorporated is a "debt collector" as defined by 15 U.S.C. § 1692a(6). LVNV Funding, LLC is a debt buyer subject to legal action under New York City Administrative Code § 20.489, which states that a debt collector "shall also include a buyer of delinquent debt who seeks to collect such debt either directly or through the services of another." N.Y.C. Admin. Code § 20.489.

22. The Letter is a "communication" as defined by 15 U.S.C. §1692a(2).

23. The Letter states in pertinent part that the current balanced owed is $10,778.63. It states that the amount due at the time of charge off was $5,605.99, and the interest accrued after charge off was $5,027.47. It notes that no non-interest charges or fees had been accrued since charge off, and that no payments to the debt had been made since charge off occurred. Lastly, and most significant to the present claim, the Letter states that the balance became due on February 6, 2004.

24. The Letter also states that Plaintiff's "account has been referred to this office for collection. [FBCS is] requesting payment in full on the amount referenced above."

25. The Letter also informs the consumer that "[t]here may be other payment options available based on your specific situation in which our agents have been specially trained to listen to your circumstances." It then provides the consumer with contact information for the purpose of speaking with a representative regarding his debt.

26. The Letter states that "failure to remit [payment] will result in further collection attempts."

27. As set forth in the following Counts, Defendants violated the FDCPA.

28. The letter failed to adequately and honestly convey the legal status of debt.

## FIRST CAUSE OF ACTION

## 15 U.S.C. §1692e(2)

## Failure to Adequately and Honestly Convey the Legal Status of Debt

29. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "28" with the same force and effect as if the same were set forth at length herein.

30. 15 U.S.C. § 1692e(2) prohibits the use of false, deceptive, or misleading representations being used by debt collectors in connection with the collection of any debt. This includes a prohibition against falsely representing "the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2) (2018).

31. The Letter specifies that the debt sought to be collected became due on February 6, 2004. The Letter itself is dated April 27, 2018. According to New York Civil Practice Law and

       Rules, the statute of limitations for collecting debt is six years. N.Y. C.P.L.R § 213. The statute of limitations for the collection of Plaintiff's debt ended on February 6, 2010.

32. The FTC has stated that if a collector knows or should know that it is collecting on a time-barred debt, it generally must inform the consumer that (1) the collector cannot sue to collect the debt, and (2) providing a pre-trial payment would revive the collector's ability to sue to collect the balance. Fed. Trade Comm'n, *The Structure and Practices of the Debt Buying Industry* (2013).

33. New York statutory law provides clear guidelines for disclosures that must be made by debt collectors and buyers seeking to collect on debt for which the statute of limitations has expired. N.Y. Comp. Codes R. & Regs. tit. 23 § 1.3 (2018). Particularly, § 1.3 (b) states:

> if a debt collector knows or has reason to know that the statute of limitations for a debt may be expired, before accepting payment of the debt, the debt collector must provide the consumer with *clear and conspicuous notice*, in the same medium (such as via telephone or electronic communication) by which the debt collector will accept payment, that:…(2) suing on a debt for which the statute of limitations has expired is a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 [emphasis added]. *Id*.

34. The acceptable language for providing such notice to the consumer regarding the expiration of the statute of limitations is provided by § 1.3 (c) as follows:

> We are required by regulation of the New York State Department of Financial Services to notify you of the following information. This information is NOT legal advice: Your creditor or debt collector believes that the legal time limit (statute of limitations) for suing you to collect this debt may have expired. It is a violation of the Fair Debt Collection Practices Act, 15 U.S.C. section 1692 et seq., to sue to collect on a debt for which the statute of limitations has expired…if you make a payment on the debt, admit to owing the debt, promise to pay the debt, or waive the statute of limitations on the debt, the time period in which the debt is enforceable in court may start again. *Id*.

35. Although Defendants had reason to know that the statute of limitations for the debt they were seeking to collect had expired, they failed to give the required notice to the consumer regarding the legal status of the debt. Defendants presented the Letter to Plaintiff without providing him any means of becoming aware that the debt at issue was time-barred. This is exactly the debt collecting behavior that the New York legislature sought to prevent when mandating such specific notification language.

36. Additionally, the New York City Administrative Code sates that "a debt collection agency shall not…(b) contact a consumer about or seek to collect a debt on which the statute of limitations for initiating legal action has expired unless such agency first provides the consumer such information about the consumer's legal rights." N.Y.C. Admin. Code § 20.493.2. Although there is no private right of action against debt collectors under § 20.493, it is worth noting that the letter fails to comply with the Commissioner's standards for debt collecting practices.

37. In *McMahon*, consumers were offered the ability to settle their debt without being notified that the statute of limitations for its collection had expired. *McMahon*, 774 F.3d 1010. The court held that even though no law suit was threatened, "an unsophisticated consumer could be misled by a dunning letter for a time-barred debt." *Id*. The court also held that collectors could avoid misleading consumers by disclosing that the debt was time-barred.

38. The Sixth Circuit reached a similar conclusion in *Buchanan v. Northland Group*, Inc. where it held that the failure to notify the consumer that making a partial payment on her debt would restart the statute of limitations, making her liable again for the full amount. *Buchanan v. Northland Group, Inc.*, 776 F.3d 393 (6th Cir. 2015). This failure to inform

11

       the consumer of the legal status of her debt constituted a straightforward violation of the FDCPA. *Id*.

39. In *Daugherty v. Convergent Outsourcing, Inc.*, the Fifth Circuit held that even absent the threat of litigation, the offer to settle a time-barred debt without notifying the consumer that the debt is not legally enforceable violates the FCDPA. *Daugherty v. Convergent Outsourcing, Inc.*, 836 F.3d 507 (5th Cir. 2016).

40. The Seventh Circuit in *Pantoja v. Portfolio Recovery Associates, LLC*, granted summary judgement for the plaintiff in a claim against the defendant for their offer to settle a debt that had been time-barred and failing to inform the plaintiff that the statute of limitations had expired. *Pantoja v. Portfolio Recovery Associates, LLC*. 852 F.3d 679 (7th Cir. 2017). Defendant also failed to inform the plaintiff that they were legally prohibited from taking legal action based on the debt. *Id*.

41. The Letter does not directly threaten to take legal action, but it does contact the consumer regarding the collection of a debt for which the statute of limitations had expired. It does so without notifying the consumer of his legal rights regarding the debt and its legal status.

42. The Letter sent to Plaintiff by Defendants fails to comply with either the FTC guidelines or the New York Administrative Code. It violates the FDCPA by failing to inform Plaintiff of the legal status of the debt sought to be collected. This is precisely the sort of misleading and deceptive behavior that the FDCPA is meant to prevent.

43. New York courts apply an objective test when determining whether a debt collection letter violates the FDCPA prohibition against misleading representations. In *Russell v. Equifax*, the court considered how a debt collection letter would be interpreted by the

least sophisticated consumer, having less sophistication than even the average person. *Russell v. Equifax*, 75 F.3d 30 (2d Cir. 1996). There, the court held that the letter received by the plaintiff could have led him to draw two or more different conclusions regarding the status of his debt. *Id.* at 35.

44. In *Clomon v. Jackson*, the court held that his objective test serves two purposes in that it protects all consumers, even those who are trusting and naïve, and also protects debt collectors from idiosyncratic interpretations of their letters. *Clomon v. Jackson*, 988 F.2d 1314 at 1320 (2d Cir. 1993).

45. Here, the collection letter sent by Defendant would have led the least sophisticated consumer to believe that legal action could be taken to recover his debt. However, in actuality, the statute of limitations for collection had expired. In particular, the Letter states that "failure to remit [payment] will result in further collection attempts." This will lead the least sophisticated consumer into believing that his debt is legally actionable.

46. In *Gervais v. Riddle Assocs.* the court held that defendant engaged in unlawful debt collection practices by threatening to take legal action that could not legally be taken. *Gervais v. Riddle Assocs.*, 363 F. Supp. 2d 345 (D. Conn. 2005). They reasoned that the threat of legal action may not necessarily be imminent in order for a debt collector to act unlawfully. The court stated that it "recognizes that an 'imminent threat of litigation may be imparted, perhaps even more effectively so, with skillfully crafted ambiguity and innuendo." *Id*. Although the Letter sent to Plaintiff does not directly threaten to take legal action, warning that further collection attempts will be made is sufficient to lead the least sophisticated consumer into believing that the debt is legally actionable, when in actuality it is not.

47. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendants.

48. Plaintiff suffered actual harm by being the target of the Defendants' misleading debt collection communications.

49. Defendants violated the Plaintiff's right not to be the target of misleading debt collection communications.

50. Defendants violated the Plaintiff's right to a truthful and fair debt collection process.

51. Defendants used materially false, deceptive, misleading representations and means in its attempted collection of the Plaintiff's alleged debt.

52. Defendants' communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Defendants' collection efforts.

53. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights; the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendants' false representations misled the Plaintiff in a manner that deprived him of his right to enjoy these benefits, and therefore these materially misleading statements trigger liability under section 1692e of the Act.

54. These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

55. As a result, Plaintiff seeks to end these violations of the FDCPA. Plaintiff has suffered damages including but not limited to fear, stress, mental anguish, emotional stress, and

acute embarrassment. Plaintiff and putative class members are entitled to preliminary and permanent injunctive relief, including declaratory relief, and damages.

## SECOND CAUSE OF ACTION

### 15 U.S.C. §1692e(11)

### Failure to Disclose Mini-Miranda Warning

56. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "55" with the same force and effect as if the same were set forth at length herein.

57. 15 U.S.C. § 1692e(11) states that a debt collector must communicate to a consumer "that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose." 15 U.S.C. § 1692e(11) (2018).

58. The Letter, sent to Plaintiff by Defendants, failed to disclose the required statement "that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose." Defendants' Letter was an initial communication to Plaintiff and therefore required the aforementioned disclosure.

59. As a result of Defendants' violations of the FDCPA, the Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## THIRD CAUSE OF ACTION

### 15 U.S.C. §1692f

### Engagement in Unfair and Unconscionable Means to Collect Debt

60. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "59" with the same force and effect as if the same were set forth at length herein.

61. 15 U.S.C. 1692f states that "a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f (2018). The statute enumerates several actions taken by debt collectors which will be considered unfair per se. However, these enumerated behaviors do not limit the prohibition on unfair and unconscionable acts more generally. The purpose of this provision is to further protect consumers from any means of debt collection practices which may be considered unfair or unconscionable.

62. The language "unfair and unconscionable" was interpreted by the seventh circuit to be "as vague as they come," in terms of legislative phrases. *Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 480 F.3d 470 (7th Cir. 2007). This implies that § 1692f was meant to act as a catchall provision to prohibit any debt collection practices that a court may deem to be unfair or unconscionable.

63. Although congress has not defined "unfair or unconscionable" actions within the statute, it has been interpreted based on its plain meaning by at least one New York court. *Sutton v. Fin. Recovery Servs.*, 121 F. Supp. 3d 309 (E.D.N.Y. 2015). In *Sutton*, the court notes that "the plain meaning of the words sheds some light on their meaning. Relying on definitions of the Act's terms, courts have considered an action unfair where it is 'marked by injustice, partiality, or deception,' and unconscionable when it is 'unscrupulous,' 'shows no regard for conscience,' or 'affronts the sense of justice decency, or reasonableness.'" *Sutton*, 121 F. Supp 3d at 314 (citing *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185 (11th Cir. 2010)).

64. The actions taken by Defendants clearly fit into the broad plain meaning definition of "unfair" that courts have relied on when interpreting claims under 1692f.

65. Other means of interpretation have been taken, such as using the enumerated unfair or unconscionable acts and determining their commonalities. *Elyazidi v. SunTrust Bank*, 780 F.3d 227 (4th Cir. 2015). In *Elyazidi*, the court determined that "what all of these enumerated activities have in common is the capacity to harass the debtor or to pressure her to pay the debt." *Id*. at 236.

66. Giving the consumer the impression that a debt is legally actionable, as well as failing to give him the proper notice regarding the legal status of that debt, also fits into this understanding of an unfair debt collection practice. It is a means of pressuring the consumer into paying a debt that has been barred by the statute of limitations and which is not legally actionable, while misleading the consumer into believing otherwise.

67. To reiterate, Congress presented its findings and purpose when enacting the Fair Debt Collection Practices Act. In particular, the fact that "there is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692 (2018). The Defendants' actions are unfair in that they have failed to properly inform the consumer of his legal rights regarding the debt that they are seeking to collect. They also fail to comply with New York law by sending a collection letter to the Plaintiff without the required statutory language notifying him that the statute of limitations had expired.

68. The Defendants are seeking to collect on a debt that is fourteen (14) years old, having reason to know that it is time-barred by the six-year statute of limitations in New York.

69. As a result of Defendants' violations of the FDCPA, the Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and The Tariq Law Firm, PLLC as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(e) Awarding pre-judgment interest and post-judgment interest; and

(f) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated:  June 8, 2018

Respectfully submitted,

__s/Subhan Tariq____
Subhan Tariq, Esq.
Attorney I.D. No. ST9597
The Tariq Law Firm, PLLC
68 Jay Street – Suite 201
Brooklyn, NY 11201
Telephone: (718) 674-1245
Facsimile: (516) 453-0490
Email: subhan@tariqlaw.com
**Attorney for Plaintiff**

To:
FBCS, Incorporated
330 S Warminster Rd, Suite 353
Hatboro, PA 19040-3433
(via Prescribed service)

LVNV Funding, LLC
1703 Laurel Street
Columbia, SC 29223
(via Prescribed service)

Resurgent Capital Services, LP
1703 Laurel Street
Columbia, SC 29201
(via Prescribed service)

Clerk of the Court,
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

(For Filing purposes)